UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CASE NO. 1:15-CR-233-03 |
| | : |
| SHAVOUY PAISLEY | : |
| Defendant | : |

*M E M O R A N D U M*

*I.      Introduction*

Presently before the court is Defendant's "Motion to Dismiss Indictment for Violations of the Speedy Trial Act and Sixth Amendment Right to a Speedy Trial" (Doc. 68). For the reasons discussed below, the court will deny the motion.

*II.     Background*

On October 7, 2015, Defendant—along with two co-defendants—was indicted for conspiracy to possess fifteen or more counterfeit or unauthorized access devices (18 U.S.C. § 371) and possession of fifteen or more counterfeit or unauthorized access devices (18 U.S.C. § 1029(a)(3)). (Doc. 1). He was arraigned on October 15, 2015, (Doc. 11), and a trial date was set for December 7, 2015, (Doc. 16).

Approximately one month after his arraignment, Defendant moved to continue the trial due to ongoing discovery. (See Doc. 26 at 2). Accordingly, trial was rescheduled for January 11, 2016. (Doc. 27). On December 23, 2015, Defendant again moved to continue the trial due to ongoing discovery. (See Doc. 34 at 2). Trial was rescheduled for February 8, 2016. (Doc. 35).

On February 5, 2016, the Government—with Defendant's agreement—moved to continue the trial for sixty days, citing ongoing plea negotiations, counsel's participation in an unrelated jury trial, and a co-defendant's recent initial appearance and trial date scheduling. (See Doc. 50 at 1-2). Consequently, trial was rescheduled for April 4, 2016. (Doc. 51).

On March 28, 2016, Defendant moved to sever the defendants for trial. (Doc. 59). After briefing, the motion was denied on June 6, 2016. (Doc. 67). During the pendency of the motion to sever, a co-defendant moved to continue the trial, citing the need for additional time to review discovery to determine whether to file pretrial motions. (See Doc. 62 at 1). Although opposed by Defendant, this motion was granted and trial was continued to June 6, 2016. (See Doc. 63).

On June 1, 2016, the Government, over Defendant's objection, moved to continue the trial. (Doc. 65). The Government cited, among other things, the logistical inability of one of the co-defendants to stand trial on June 6 due to his probation violation hearing in New York state scheduled for June 16, 2016. (Doc. 65 at 1-2). Accordingly, trial was rescheduled for August 8, 2016.[1] (Doc. 66).

Shortly thereafter, on June 10, 2016, Defendant filed the instant motion to dismiss based on alleged Speedy Trial violations. (Doc. 68). The motion has been fully briefed and is ripe for disposition.

III.     *Discussion*

Defendant contends that his rights under both the Speedy Trial Act ("STA"), 18 U.S.C. §§ 3161-3174, and the Sixth Amendment to the United States Constitution have

---

[1] While further docket activity occurred following the June 1, 2016 continuance, that activity is irrelevant for purposes of deciding the instant motion to dismiss.

been violated. Because Defendant does not meet the threshold requirements for a constitutional speedy trial claim,[2] the court will discuss only the STA claim.

Generally, the Speedy Trial Act requires that a defendant is tried within seventy days of indictment or initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1); United States v. Claxton, 766 F.3d 280, 292 (3d Cir. 2014) (citation omitted). The STA, however, explicitly excludes certain periods of delay in this seventy-day calculation. See 18 U.S.C. § 3161(h).

Three exclusions provided by section 3161(h) are particularly relevant to the instant case: subsection (h)(1)(D) excludes delay resulting from pretrial motions; subsection (h)(6) excludes reasonable delay when the defendant is joined with a co-defendant whose time for trial has not yet run; and subsection (h)(7)(A) excludes delay "resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government," if the ends of justice served by granting the continuance "outweigh the best interest of the public and the defendant in a speedy trial." Id. § 3161(h)(1)(D), (6), (7)(A). Moreover, when there are multiple defendants joined in a case, an exclusion of time applicable to one defendant is applicable to all co-defendants. Claxton, 766 F.3d at 292.

Here, save for the initial thirty-three days following Defendant's arraignment, all of the time leading up to the instant motion to dismiss is excludable. Beginning with

---

[2] To satisfy the initial inquiry for a Sixth Amendment speedy trial claim and thereby trigger a full analysis, the defendant must show that the "interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay . . . ." United States v. Velazquez, 749 F.3d 161, 174 (3d Cir. 2014) (quoting Doggett v. United States, 505 U.S. 647, 652 (1992)). Generally, most courts require delay approaching one year to trigger a full speedy trial analysis. Id. (citing Doggett, 505 U.S. at 652 n.1). As the delay from Defendant's indictment to the instant motion to dismiss is only eight months, Defendant has failed to satisfy the threshold inquiry. Accordingly, further analysis of Defendant's constitutional speedy trial claim is not required.

3

Defendant's November 17, 2015 motion to continue, and continuing to the instant motion to dismiss, one or more exclusions under 3161(h) applied to toll Defendant's speedy trial clock.

First, the time from Defendant's November 17, 2015 motion to continue until Defendant's December 23, 2015 motion to continue is excludable pursuant to 3161(h)(7)(A), as noted on the order granting such continuance. (See Doc. 27). The time from Defendant's December 23, 2015 motion to continue until the Government's unopposed February 5, 2016 motion to continue is also excludable pursuant to 3161(h)(7)(A), again as noted on the order granting such continuance. (See Doc. 35). The time from the Government's unopposed February 5, 2016 motion to continue until Defendant's March 28, 2016 motion to sever is likewise excludable under 3161(h)(7)(A). (See Doc. 51). The time from Defendant's March 28, 2016 motion to sever until the disposition of this motion on June 6, 2016, is excludable pursuant to 3161(h)(1)(D). See 18 U.S.C. § 3161(h)(1)(D) (excluding delay resulting from any pretrial motion from the date of filing through disposition).

Moreover, during approximately the same time period covered by the determination of Defendant's motion to sever, a co-defendant's March 31, 2016 motion to continue was granted, thus excluding time under 3161(h)(7)(A) for all defendants until June 6, 2016. (See Docs. 62, 63); see also 18 U.S.C. § 3161(h)(6), (7)(A); Claxton, 766 F.3d at 292. Furthermore, the court's grant of the Government's motion to continue on June 1, 2016, excluded time until August 8, 2016, pursuant to 3161(h)(7)(A).

*IV.     Conclusion*

In sum, beginning on November 11, 2015, and continuing until the filing of the instant motion to dismiss, every day of delay is excludable under an explicit provision of 18 U.S.C. § 3161(h).  Accordingly, because Defendant's speedy trial clock under the STA has yet to expire, and because he does not meet the threshold requirements for a constitutional speedy trial claim, the instant motion to dismiss (Doc. 68) is denied.  An appropriate Order will follow.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge
