UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CASE NO. 1:15-CR-233-03 |
| | : |
| SHAVOUY PAISLEY | : |
| Defendant | : |

*M E M O R A N D U M*

*I.      Introduction*

Presently before this Court is Defendant Shavouy Paisley's Motion in Limine to preclude evidence under Federal Rule of Evidence 404(b) (hereinafter Rule 404(b)). (Doc. 98). For the reasons below, we will DENY the motion.

*II.     Background*

On October 7, 2015, Defendant and two co-defendants were indicted for conspiracy to possess fifteen or more counterfeit or unauthorized access devices, 18 U.S.C. § 371, and possession of fifteen or more counterfeit or unauthorized access devices, 18 U.S.C. § 1029(a)(3), stemming from events that took place on September 27 and 28, 2014. (Doc. 1).

Following the entry of a plea agreement by co-defendant Rushane Kennedy on September 9, 2016, (Doc. 93), and upon learning on that date that co-defendant Kennedy would testify against him at trial, (Doc. 98), Defendant Paisley filed the instant motion on September 12, 2016 to preclude certain statements by co-defendant Kennedy under Rule 404(b). (Doc. 98).

According to its notice of intent to introduce evidence under Rule 404(b), entered on the same day as Defendant's motion, the Government intends to elicit testimony at trial from co-defendant Kennedy about a conversation that Kennedy had with Defendant Paisley, in which Paisley admitted to Kennedy that he "travelled to the Harrisburg, PA area the week prior to their September 27, 2014 arrest to go shopping with counterfeit credit cards." (Doc. 102). Specifically, it is proffered that Defendant Paisley told co-defendant Kennedy that he "had done these types of shopping trips before," knows of acquaintances from high school that made shopping trips with counterfeit credit cards, and "had met a girl in the Kmart store from his shopping trip last week." (Doc. 98 at 1-2).

Defendant argues that the evidence is "prejudicial as it speaks to similar conduct and the jury may convict based on this evidence as opposed to the evidence concerning the relevant events on September 27, 2014," and also that it is impermissibly being used to show propensity. (Doc. 98 at 2). The Government counters that the evidence is admissible to show defendant's "knowledge and intent" to possess counterfeit access devices. (Doc. 102-1 at 2).

*III.    Discussion*

Federal Rule of Evidence 404(b)(1) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1). However, Rule 404(b)(2) provides that such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2).

"To satisfy Rule 404(b), evidence of other acts must (1) have a proper evidentiary purpose, (2) be relevant under Rule 402, (3) satisfy Rule 403 (i.e., not be substantially more prejudicial than probative), and (4) be accompanied by a limiting instruction, when requested pursuant to Federal Rule of Evidence 105, that instructs the jury not to use the evidence for an improper purpose." United States v. Cross, 308 F.3d 308, 320–21 (3d Cir. 2002) (footnotes omitted). "'Other acts' evidence satisfies the first two requirements if it is 'probative of a material issue other than character.'" Id. at 321.

Here, we find the proffered evidence from co-defendant Kennedy is relevant to the material issue of Defendant's knowledge of, and intent to enter, a conspiracy to possess and use counterfeit access devices. "In order to admit evidence under the 'intent' component of Rule 404(b), intent must be an element of the crime charged and the evidence offered must cast light upon the defendant's intent to commit the crime." United States v. Himelwright, 42 F.3d 777, 782 (3d Cir. 1994). To show conspiracy under 18 U.S.C. § 371, the Government must "prove three elements: (1) the existence of an agreement, (2) an overt act by one of the conspirators in furtherance of the objectives, and (3) an intent on the part of the conspirators to agree[.]" United States v. Shoup, 608 F.2d 950, 956 (3d Cir. 1979). As intent is a pertinent element of the crime of conspiracy, we find the first two requirements of Rule 404(b) have been satisfied.

We are also satisfied that the latter two requirements of Rule 404(b) have been satisfied by the Government, who "has broad latitude to use 'other acts' evidence to prove a conspiracy." United States v. Cross, 308 F.3d 308, 324 (3d Cir. 2002). We will permit co-defendant Kennedy to testify regarding Defendant's statements about actions taken prior to September 27, 2014, as the evidence is relevant to Defendant's intent and

knowledge in entering the conspiracy.  <u>United States v. Cross</u>, 308 F.3d 308, 324 (3d Cir. 2002) ("Rule 404(b) evidence is especially probative when the charged offense involves a conspiracy." (citing cases)).  The evidence is admissible for the limited purpose of establishing Defendant's knowledge of, and intent to engage in, a conspiracy to possess and use counterfeit access devices with co-defendant Kennedy.  We will give a limiting instruction that the evidence may only be considered by the jury on the issue of Defendant's knowledge and intent, and may not be considered to prove Defendant's propensity or inclination to engage in a conspiracy to possess counterfeit or unauthorized access devices.  We will issue an appropriate order.

                                                           /s/ William W. Caldwell
                                                           William W. Caldwell
                                                           United States District Judge

Date: September 13, 2016